UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LONE STAR CALF RANCH LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:16-cv-00152-RLY-MJD |
| | ) | |
| BRIAN D. JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff, Lone Star Calf Ranch LP, filed this action to recover funds it paid to Defendant, Brian D. Jones, for the purchase of Holstein bull calves pursuant to three separate agreements executed in September 2015. Plaintiff alleges that Defendant failed to deliver any of the promised calves. The record reflects that Defendant was personally served with the Complaint on January 26, 2016, but has failed to plead or otherwise defend himself. The Clerk entered default on March 10, 2016, and Plaintiff now moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

Plaintiff's Complaint contains seven counts: Breach of Contracts (Count I), Money Had and Received (Count II), Implied Contract in Law/Unjust Enrichment (Count III), Criminal Deception (Count IV), Criminal Fraud (Count V), Criminal Conversion (Count VI), and Tortious Conversion (Count VII). Plaintiff notes that these counts are all alternative theories of liability and therefore requests recovery only on Count IV, criminal deception under Indiana law. Indiana Code § 35-43-5-3(a)(2) provides, "A person who . . . knowingly or intentionally makes a false or misleading written statement

with intent to obtain property . . . commits deception, a Class A misdemeanor." "The offense of 'deception' under Indiana law is penal in nature, but . . . a criminal conviction is not a prerequisite to maintaining a civil action based on the commission of that offense." *Decatur Ventures, LLC v. Stapleton Ventures, Inc.*, 373 F. Supp. 2d 829, 851 (S.D. Ind. 2005) (footnote omitted). In order to succeed on a civil claim for deception, "[t]he Plaintiffs must simply show by a preponderance of the evidence that the Defendants committed the crime of deception, and that as a result Plaintiffs suffered a pecuniary loss." *Id.* Because Defendant has been defaulted under Rule 55(a), liability under the statute is established. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) ("The basic effect of an entry of default (step one) is that upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.") (internal citations, quotation marks, and brackets omitted).

Pursuant to the Indiana Crime Victim's Relief Act ("CVRA"), a person who "suffers a pecuniary loss as a result of a violation of IC 35-43 . . . may bring a civil action against the person who caused the loss" for, *inter alia*, (a) "[a]n amount not to exceed three (3) times . . . the actual damages of the person suffering the loss"; (b) "[t]he costs of the action"; (c) "[a] reasonable attorney's fee"; and (d) "[a]ll other reasonable costs of collection." Ind. Code § 34-24-3-1. *See Wysocki v. Johnson*, 18 N.E.3d 600, 606 (Ind. 2014) ("An actual criminal conviction is not required for recovery under the CVRA; a claimant merely must prove each element of the underlying crime by a preponderance of the evidence. And just as no conviction is required, nothing in the statute suggests that a

criminal charge is necessary, either.") (internal citations, quotation marks, and brackets omitted).

In accordance with the above, Plaintiff seeks the following in damages: (a) $540,000.00 (Plaintiff's actual loss under the contracts) trebled, which is $1,620,000.00; (b) prejudgment interest at a rate of 8% per year, which equates to $118.36 per day, beginning to accrue on November 24, 2015; (c) $488.00, the costs of this action; and (d) $13,444.00 in attorneys' fees. Plaintiff supports these amounts with citations to case law, copies of the agreements, and affidavits. *See Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014) ("[W]hile a default judgment conclusively establishes liability, the victor must still prove up damages."). The court finds that Plaintiff is entitled to the relief requested, and that a damages hearing is unnecessary. *See Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.").

Therefore, Plaintiff's Motion for Entry of Default and Default Judgment (Filing No. 8) is **GRANTED**. Defendant is **ORDERED** to remit $1,649,555.52, which includes $1,620,000.00 in treble damages, $15,623.52 in prejudgment interest, $488.00 in costs, and $13,444.00 in attorneys' fees, to Plaintiff within sixty days of the date of this Entry.

**SO ORDERED** this 4th day of April 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Distributed via U.S. Mail:

Brian D. Jones
11746 Bennington Pike
Vevay, IN 47043